UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SAMSUNG SDS AMERICA, INC.,**<br><br>**Plaintiff,**<br><br>v.<br><br>**PHYSIQ, INC.,**<br><br>**Defendant.** | Civ. No.: 23-21593 (WJM)<br><br>**OPINION** |

### WILLIAM J. MARTINI, U.S.D.J.:

Currently before the Court is a motion for default judgment by Plaintiff Samsung SDS America, Inc. ("SDSA") a provider of cloud and digital logistics services, against Defendant PhysIQ, Inc. ("PhysIQ"), a healthcare company in the internet software and wearable technology industry. ECF No. 9. For the reasons set forth below, SDSA's motion for default judgment is **denied without prejudice** and the Clerk will be directed to **vacate** its entry of default.

**I.   Background**

On or around May 28, 2017, SDSA and PhysIQ entered into a Device Distributor Agreement ("DDA"). Compl. ¶ 5, Ex. A, ECF No. 1. On April 25, 2022, SDSA issued an invoice to PhysIQ in the amount of $892,473.75 in connection with PhysIQ's purchase of 5,000 Samsung Galaxy A10e smartphones from SDSA. Compl. ¶ 11, Ex. C. SDSA now alleges that PhysIQ failed to make full and timely payment of the April 25, 2022 invoice in accordance with the DDA. Compl. ¶ 12. As of January 31, 2024, SDSA alleges that PhysIQ owes an outstanding balance of $718,918.04—inclusive of interest—to SDSA. Mov. Br. 3, ECF No. 9-4.

On October 27, 2023, SDSA filed a complaint against PhysIQ asserting causes of action for breach of contract, unjust enrichment, account stated, and breach of duty of good faith and fair dealing. On December 21, 2023, SDSA filed a Declaration of Service upon PhysIQ, declaring that on November 29, 2023, "a copy of the Summons and Complaint was personally served upon PhysIQ by leaving a copy . . . with Marilyn Conkright, an individual of suitable age and discretion, at the residence of PhyisIQ's Chief Executive

1

Officer, Gary Conkright, 212 Fiala Woods Court, Naperville, IL 60565." ECF No. 6 ¶ 3. On January 9, 2024, upon SDSA's request, the Clerk entered an entry of default against PhysIQ due to its failure to plead or otherwise defend the action. On February 15, 2024, due to PhysIQ's continued failure to answer or otherwise respond to the action, SDSA filed the instant motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). ECF No. 9. PhysIQ has not replied.

## II.     Legal Standard

"Pursuant to Federal Rule of Civil Procedure 55(b)(2), a court may enter a default judgment against a properly served defendant who fails to plead or otherwise defend an action." *Dempsey v. Pistol Pete's Beef N Beer, LLC*, No. CIV. 08-5454, 2009 WL 3584597, at *2 (D.N.J. Oct. 26, 2009) (citing *Anchorage Assocs. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 177 n.9 (3d Cir. 1990)). While "the entry of a default judgment is left primarily to the discretion of the district court[,]" the Third Circuit has "repeatedly stated [its] preference that cases be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180-81 (3d Cir. 1984). As such, "prior to entering a judgment of default, a court must determine: (1) whether the plaintiff produced sufficient proof of valid service and evidence of jurisdiction, (2) whether the unchallenged facts present a legitimate cause of action, and (3) whether the circumstances otherwise render the entry of default judgment 'proper.'" *Chanel, Inc. v. Matos,* 133 F. Supp. 3d 678, 683 (D.N.J. 2015) (footnote omitted).

## III.    Analysis

The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) because SDSA is a California corporation with its principal place of business in New Jersey, PhysIQ is a Delaware corporation with a principal place of business in Illinois, and the amount in controversy exceeds $75,000.00. Compl. ¶¶ 1-3. Before exercising personal jurisdiction over PhysIQ, the Court must first examine whether there has been sufficient proof of service. *See Wilton Reassurance Life Co. of New York v. Engelhardt*, No. CV 21-9968, 2023 WL 4864296, at *2 (D.N.J. July 31, 2023) ("Because courts lack personal jurisdiction where service of process is improper, determining proper service is a threshold issue." (citations and internal quotation marks omitted)); *see also U.S. v. One Toshiba Color Television,* 213 F.3d 147, 156 (3d Cir. 2000) ("[T]he entry of a default judgment without proper service of a complaint renders that judgment void.").

SDSA asserts that it properly served PhysIQ pursuant to Federal Rule of Civil Procedure 4(h)(1)(A) by leaving a copy of the complaint and summons with Marilyn Conkright at the Illinois residence of PhyisIQ's Chief Executive Officer, Gary Conkright. ECF No. 6 ¶¶ 2-3. Rule 4(h)(1) states that in order to serve a domestic corporation in a judicial district of the United States, the defendant must be served "(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the

2

summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" Fed. R. Civ. P. 4(h)(1). Rule 4(e)(1) allows for service to be effected in a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located *or* where service is made[.]" Fed. R. Civ. P. 4(e)(1) (emphasis added). "In other words, service upon a corporation may be made in accordance with the New Jersey Rules of Court relating to service of process" or, in this case, the Illinois rules relating to service. *See Signs by Tomorrow-USA, Inc. v. G.W. Engel Co., Inc.*, No. 05-cv-4353, 2006 WL 2224416, at *3 (D.N.J. Aug. 1, 2006). The Court will address each state's service rules in turn.

    a. <u>New Jersey Service Rules</u>

New Jersey's service rules state that "[t]he primary method of obtaining *in personam* jurisdiction over a defendant in [the state of New Jersey] is by causing the summons and complaint to be personally served within [the state,]" N.J. Ct. R. 4:4-4(a), and, if "service cannot be made within the state, Plaintiff must provide an affidavit explaining that despite diligent effort[,] personal service cannot be made in the state of New Jersey[,]" *N. Jersey Brain & Spine Ctr. v. Aetna Life Ins. Co.*, No. CV 17-3531, 2017 WL 6816733, at *3 (D.N.J. Dec. 12, 2017) (citing N.J. Ct. R. 4:4–4(b)(1)). SDSA has not served PhysIQ within the state of New Jersey and has not filed an affidavit of diligent effort and inquiry pursuant to N.J. Ct. R. 4:4-4(b)(1) explaining why in-state personal service cannot be made. *See Advanced Surgery Ctr. v. Connecticut Gen. Life, Ins. Co.*, No. CIV.A. 12-2715, 2012 WL 3598815, at *6 (D.N.J. July 31, 2012) ("[T]he failure to file an affidavit of diligent inquiry is not a mere technicality, but error that deprives a court of jurisdiction."). Thus, SDSA's service does not comport with New Jersey's service of process rules.

    b. <u>Illinois Service Rules</u>

Illinois's service rules state that:

> A private corporation may be served (1) by leaving a copy of the process with its registered agent or any officer or agent of the corporation found anywhere in the State; or (2) in any other manner now or hereafter permitted by law. A private corporation may also be notified by publication and mail in like manner and with like effect as individuals.

735 Ill. Comp. Stat. Ann. 5/2-204. SDSA has not alleged that Marilyn Conkright is any type of officer or agent for PhysIQ and has not otherwise shown that it served PhysIQ in accordance with Illinois law. *See Shumway v. Gurnee Prop. Mgmt., Inc.*, No. 20-CV-

7181, 2022 WL 1211507, at *3 (N.D. Ill. Apr. 25, 2022) ("[A] plaintiff seeking to serve a corporation's registered agent must deliver process to the registered agent, not just any person who may be present at the registered agent's address.") (first citing Fed. R. Civ. P. 4(h)(1)(B); and then citing 735 Ill. Comp. Stat. 5/2-204).

Because SDSA has failed to follow the state laws for serving a summons in New Jersey and Illinois, it has not produced sufficient proof that PhysIQ was validly served in compliance with Fed. R. Civ. P. 4(h)(1)(A). And, because SDSA has not alleged that Marilyn Conkright is an officer or agent for PhysIQ, it has also not produced sufficient proof of valid service under Fed. R. Civ. R. 4(h)(1)(B). Accordingly, the Court declines to enter default judgment at this juncture and will vacate the Clerk's entry of default. *See, e.g.*, *Asphalt Paving Sys., Inc. v. Gen. Combustion Corp.*, No. CIV.A. 13-7318, 2014 WL 4931294, at *2-3 (D.N.J. Sept. 30, 2014) (collecting cases and vacating entry of default due to improper service).

## IV.    Conclusion

For the reasons stated above, SDSA's motion for default judgment, ECF No. 9, is **DENIED without prejudice**. SDSA may re-serve PhysIQ within ninety (90) days in accordance with the Federal Rules of Civil Procedure and file proof of service on the docket within ninety-five (95) days from the date of this Opinion and accompanying Order. The Clerk will be directed to **vacate** its entry of default. An appropriate order follows.

*/s/ William J. Martini*
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: March 18, 2024**