## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SAMSUNG SDS AMERICA, INC.,**<br><br>**Plaintiff,**<br><br>v.<br><br>**PHYSIQ, INC.,**<br><br>**Defendant.** | Civ. No. 2:23-CV-21593 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.**

This matter arises from a dispute regarding payment for smartphones pursuant to a distribution agreement. Before the Court is a motion for default judgment by Plaintiff Samsung SDS America, Inc. ("SDSA") against Defendant PhysIQ, Inc. ("PhysIQ"). ECF No. 16. The Court decides the matter without oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, SDSA's motion for default judgment is **GRANTED in part** and **DENIED in part**, and SDSA is awarded relief pursuant to the Order accompanying this Opinion.

### I.    BACKGROUND

Plaintiff SDSA sells smartphones. Compl. ¶ 11, ECF No. 1. Defendant PhysIQ is a healthcare company in the software and wearable technology industry. *Id.* at ¶ 2. On or about May 28, 2017, the parties entered into a Device Distributor Agreement ("DDA") under which PhysIQ purchased smartphones from SDSA for distribution to PhysIQ customers.[1] *Id.* at ¶¶ 5, 11. The DDA requires PhysIQ to pay for procured devices within 30 days of receiving the invoice for the order. *Id.* at ¶ 10. Pursuant to the DDA, late payments are assessed monthly with interest at the lesser of 1.5 percent or the maximum rate permitted by law.[2] *Id.* at ¶ 15; *see* DDA § 4.C, ECF No. 1 Ex. A. Additionally, PhysIQ agreed to pay SDSA all reasonable out-of-pocket costs and expenses, including

---

[1] On or about February 11, 2020, SDSA and PhysIQ amended the agreement to state that it would automatically renew. Compl. ¶¶ 7 – 8; *see* DDA amend., ECF No. 1 Ex. B.

[2] The DDA contains a choice-of-law clause that states the agreement will be governed by and construed in accordance with New Jersey law. DDA § 15.D, ECF No. 1 Ex. A.

"reasonable attorney's fees," should SDSA institute collection proceedings an unpaid order. Compl. ¶ 9; DDA § 4.C.

On April 25, 2022, SDSA issued an invoice to PhysIQ in the amount of $892,473.75 for PhysIQ's purchase of 5,000 Samsung Galaxy A10e smartphones. Compl. ¶ 11, *see* Invoice, ECF No. 1 Ex. C. PhysIQ failed to make full and timely payment for the order. Compl. ¶ 12. Subsequently, on June 24, 2022, the parties agreed to a revised payment plan under which PhysIQ would make four monthly payments of $75,000 from July to October 2022 followed by a final installment for the remaining balance by November 2022. *Id.* at ¶ 13; *see* Ltr. on Amounts Owed to SDSA, ECF No. 1 Ex. D (describing the revised payment plan). While PhysIQ remitted monthly payments, it did not pay the final installment as agreed. Compl. ¶ 14. On December 19, 2022, SDSA sent PhysIQ a demand letter for the outstanding balance of $517,473.75, in addition to monthly interest at a rate of 1.5 percent pursuant to the terms of the DDA. *Id.* at ¶ 15. SDSA alleges that PhysIQ has refused to pay the balance, *id.* at ¶ 17, and, as of May 21, 2024, owes SDSA $751,757.05, including interest. Pl. Br. 4, ECF No. 16-1.

## II.    PROCEDURAL HISTORY

On October 27, 2023, SDSA filed a complaint against PhysIQ asserting causes of action for (1) breach of contract, (2) unjust enrichment, (3) account stated, and (4) breach of the duty of good faith and fair dealing. ECF No. 1. PhysIQ failed to plead or otherwise defend the action. Upon SDSA's request, the Clerk of the Court entered an entry of default against PhysIQ on January 9, 2024. On February 15, 2024, SDSA filed its initial motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(2). ECF No. 9. This Court denied that motion without prejudice due to improper service of process, finding SDSA had not produced sufficient proof that PhysIQ was validly served the summons and complaint. ECF Nos. 10, 11. SDSA subsequently re-served a copy of the summons and complaint upon PhysIQ, which again failed to respond. ECF Nos. 12-14. On April 23, 2024, SDSA filed for an entry of default, which was entered by the Clerk the following day. ECF No. 15. As a result of PhysIQ's continued failure to plead or otherwise defend the action, SDSA filed the instant motion for default judgment on May 23, 2024. ECF No. 16. SDSA asks this Court to award damages in the amount of $751,757.05 (the outstanding balance on the invoice including interest) as well as $18,895.50 in attorney's fees and $4,896.39 in costs for a total amount of $775,548.94. Pl. Br. 2, ECF No. 16-1.

## III.    DISCUSSION

### A. Legal Standard

Fed. R. Civ. P. 55(b)(2) "authorizes courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading." *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008). While "the entry of a default judgment is left primarily to the discretion of the district court[,]" the Third Circuit has

"repeatedly stated [its] preference that cases be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180-81 (3d Cir. 1984). As such, "prior to entering a judgment of default, a court must determine: (1) whether the plaintiff produced sufficient proof of valid service and evidence of jurisdiction, (2) whether the unchallenged facts present a legitimate cause of action, and (3) whether the circumstances otherwise render the entry of default judgment 'proper.'" *Chanel, Inc. v. Matos,* 133 F. Supp. 3d 678, 683 (D.N.J. 2015) (footnote omitted). The Court determines each of these considerations in turn. On a motion for a default judgment, a court should "accept as true the well-pleaded factual allegations of the complaint, but [] need not accept the moving party's legal conclusions or allegations relating to the amount of damages." *Polidoro v. Saluti,* 675 F. App'x 189, 190 (3d Cir. 2017). A plaintiff must prove its entitlement to the damages sought. *Id.*

### B. Jurisdiction and Service

The Court has subject matter jurisdiction over this case because the parties are completely diverse and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. SDSA is a California corporation with a principal place of business in New Jersey, and PhysIQ is a Delaware corporation with a principal place of business in Illinois. Compl. ¶¶ 1-3. The Court's personal jurisdiction over PhysIQ exists by virtue of the DDA's forum selection clause, which states, *inter alia*, that the parties submit to the jurisdiction of federal court in New Jersey. DDA § 15.D; *see Park Inn Int'l, L.L.C. v. Mody Enters.*, Inc., 105 F. Supp. 2d 370, 373 (D.N.J. 2000) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985)) ("The United States Supreme Court has held that a contractual consent to personal jurisdiction should be enforced unless it would be unreasonable or unjust to do so."); *Knights Franchise Sys., Inc. v. Patel*, No. 16-1707, 2017 WL 5191805, at *3 (D.N.J. Nov. 9, 2017) (finding personal jurisdiction established solely through consent to a forum selection clause). The DDA was executed by SDSA's vice president and PhysIQ's CEO. *See* DDA at 13. The amendment to the DDA, which renewed the agreement, was executed by SDSA's vice president and PhysIQ's CFO who also agreed to the revised payment plan. *See* DDA amend. at 1; Ltr. on Amounts Owed to SDSA at 1.

PhysIQ was properly served in March 2024. On March 20, 2024, copies of the summons and complaint were mailed to the Illinois residence of PhysIQ's CEO, Gary Conkright, via regular mail, certified mail, and federal express. *See* Adams Decl. ¶ 2, ECF No. 16-2. Additionally, on March 27, 2024, copies of the summons and complaint were personally served upon Mr. Conkright at his Illinois residence. *Id.* at ¶ 3.

### C. Legitimate Cause of Action

#### 1. Breach of Contract (Count I)

To establish a breach of contract under New Jersey law, SDSA must allege: "(1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom;

and (4) that the party stating the claim performed its own contractual obligations." *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007) (internal citation omitted). The Court finds SDSA has set forth a legally sufficient claim of breach of contract. The complaint alleges specific facts showing the parties entered into valid and enforceable contracts, specifically the DDA and revised payment plan for the unpaid invoice. *See* Compl. ¶¶ 10-13. SDSA also sufficiently alleged a breach of those contracts. Despite PhysIQ's acceptance of the smartphones, it failed to timely pay for them. *Id.* at ¶ 12. Moreover, following SDSA's good faith attempt to collect the amount due by agreeing to a new payment plan, PhysIQ did not ultimately pay the outstanding balance. *Id.* at ¶¶ 13-14. SDSA has suffered damages as a result of the breach since it has not received full payment for the 5,000 devices it delivered. Pl. Br. 1. Finally, there is no indication that SDSA failed to perform any of its own contractual obligations. The Court therefore finds that SDSA has properly established a cause of action for breach of contract.

### 2.  Unjust Enrichment and Account Stated (Counts II and III)

Though SDSA contends there were contracts between SDSA and PhysIQ, it pleads in the alternative a claim of unjust enrichment (Count II) and alleges it is entitled to recover under the theory of account stated (Count III). Compl. ¶¶ 30, 34-35. Because Plaintiff has adequately stated a breach of contract claim, the Court need not address the alternative theories of unjust enrichment and account stated. *Lincoln Harbor Enters., LLC v. M.Y. Diplomat*, No. 08-526, 2008 WL 5046787, at *5 (D.N.J. Nov. 21, 2008) (determining a court need not address quantum meruit or account stated claims pled in the alternative after granting a default judgment on a breach of contract claim because the claims are mutually exclusive) (citing *Gagliardo v. Connaught Labs.*, Inc., 311 F.3d 565, 570 (3d Cir. 2002)); *see also Construcciones Haus Soceidad v. Kennedy Funding Inc.*, No. 07-0392, 2008 WL 1882857, at *6 (D.N.J. Apr. 24, 2008) (noting a plaintiff cannot pursue a claim for unjust enrichment where there is an express contract covering the same subject matter of the claim) (citation and quotation marks omitted). As such, SDSA's motion for default judgment on the unjust enrichment and accounting claims is denied.

### 3.  Breach of Good Faith and Fair Dealing (Count IV)

Every contract in New Jersey contains an implied covenant of good faith and fair dealing. *Wilson v. Amerada Hess Corp.*, 168 N.J. 236, 244 (2001). The covenant "calls for parties to a contract to refrain from doing anything which will have the effect of destroying or injuring the rights of the other party to receive the benefits of the contract." *Brunswick Hills Racquet Club, Inc. v. Route 18 Shopping Ctr. Associates*, 182 N.J. 210, 226 (2005) (citation and quotation marks omitted). A plaintiff may recover under the covenant if the defendant acts with "ill motives and without any legitimate purpose," destroying the plaintiff's reasonable expectations in entering the contract. *Id.* However, a claim under the covenant "should not be permitted to be advanced in the abstract and absent improper motive." *Wilson*, 168 N.J. 236 at 251. Proof of bad motive is accordingly a critical element of an alleged breach of good faith and fair dealing. *Brunswick*, 182 N.J. 210 at 225. Further,

a party does not breach the covenant "merely because its decisions disadvantaged another party" as there is no obligation that parties act altruistically toward one another. *Irwin Katz & Assoc., Inc. v. Concepts in Health, Inc.*, No. 13-1217, 2017 WL 593502, at \*23 (D.N.J. Feb. 14, 2017). Here, SDSA does not adequately allege bad motive on PhysIQ's part. Though SDSA contends that PhysIQ refused to pay in full for the smartphones—even after the parties agreed to a revised payment structure—allegations in this respect are inadequate as they show only that PhysIQ made financially-motivated decisions that benefited the company to the seller's detriment. *See Soranno v. Heartland Payment Sys., LLC*, No. 18-16218, 2019 WL 3369785, at \*4 (D.N.J. July 26, 2019) (determining that the allegation that a defendant failed to perform its duties under a contract—refusing to pay commissions—presents only economic motive). The Court therefore finds that SDSA has not properly established a cause of action for breach of the duty of good faith and fair dealing, and its motion for default judgment on this claim is denied.

### D. Propriety of Default Judgment

This Court must determine whether the entry of default judgment on Count I would be proper by considering whether (1) PhysIQ has a meritorious defense, (2) there is prejudice to SDSA if default judgment is denied, and (3) the default was due to the PhysIQ's culpable conduct. *See Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000); *Hritz*, 732 F.2d at 1181. All three factors weigh in favor of granting default judgment on SDSA's validly stated claim. First, PhysIQ has no meritorious defense based on the limited record before the Court. *See, e.g., Teamsters Pension Fund of Philadelphia & Vicinity v. Am. Helper, Inc.*, No. 11-624, 2011 WL 4729023, at \*4 (D.N.J. Oct. 5, 2011) (finding no meritorious defense where court could not determine its existence since defendant did not respond). PhysIQ was properly served in March 2023 and, as of today's Opinion, has failed to respond to the complaint. Second, SDSA is clearly prejudiced by PhysIQ's failure to answer as it has been prevented from pursuing its case and seeking relief. *See Gowan v. Cont'l Airlines, Inc.*, No. 10-1858, 2012 WL 2838924, at \*2 (D.N.J. July 9, 2012) ("Plaintiff will suffer prejudice if the Court does not enter default judgment as Plaintiff has no other means of seeking damages for the harm caused by Defendant."). Finally, PhysIQ's continued lack of response evinces its culpability in default because it indicates only willful negligence. *See Teamsters*, 2011 WL 4729023, at \*4 (finding that when there is no evidence that the defendant's failure to answer the complaint was due to something other than its own willful negligence, the defendant's conduct is culpable and default judgment is warranted). Accordingly, the Court will enter default judgment against PhysIQ as to liability under Count I.

### E. Damages

The Court finds that SDSA has submitted sufficient evidence to support its request for $751,757.05, the amount of damages resulting from PhysIQ's failure to pay in full for the smartphones, inclusive of interest pursuant to the terms of the DDA. *See* Pl. Br. 4; Choi Decl. ¶¶ 9-14, ECF No. 16-3. SDSA also requests $18,895.50 in attorneys' fees and

$4,896.39 in related costs and has provided various billing invoices to substantiate its request for these amounts. The Court finds SDSA adequately documented its attorneys' fees and costs, which do not seem unreasonable or disproportionate. This results in a total judgment amount of $775,548.94.

IV.    **CONCLUSION**

For the reasons stated above, SDSA's motion for default judgment is **GRANTED in part** and **DENIED in part**. Judgment shall be entered against PhysIQ in the amount of $775,548.94. An appropriate order follows.

WILLIAM J. MARTINI, U.S.D.J.

**Date: October 28, 2024**